UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMIE LABRANCHE | * | CIVIL ACTION |
| VERSUS | * | NO. 24-234 |
| APPLE, INC. ET AL. | * | SECTION "O" (2) |

### ORDER AND REASONS

Pending before me is *pro se* Plaintiff Jamie LaBranche's "Motion for Discovery," in which Plaintiff requests that the court compel Defendants to respond to discovery and set a case management conference with "oral conference meeting" on September 4, 2024. ECF No. 20. Before filing a motion for the court's assistance to compel discovery, however, Plaintiff is required to present discovery or production requests directly to the appropriate party or non-party in accordance with Rules 33, 34 and/or 45 of the Federal Rules of Civil Procedure.[1] Here, although Plaintiff appears to have sent interrogatories to Defense counsel via e-mail, his requests fail to comply with Federal Rule of Civil Procedure 5, which requires a party to serve written discovery requests by:

> (A) handing it to the person;
> (B) leaving it:
>    . . .
> (C) mailing it to the person's last known address—in which event service is complete upon mailing;
> (D) leaving it with the court clerk if the person has no known address;
> (E) sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served; or

---

[1] *Maloney v. St. Farm Fire & Cas., Co.*, No. 06-9183, 2008 WL 1850774, at * 2 (E.D. La. Feb. 20, 2015) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)) (*pro se* litigants are not exempt from complying with the procedural and substantive rules of law).

(F) delivering it by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery.

FED. R. CIV. P. 5(b)(2). Plaintiff has submitted no evidence reflecting Defendants' express, written consent to service via electronic means under Rule 5(b)(2)(E). The fact that plaintiff is proceeding *pro se* or as a pauper does not entitle him to avoid the proper means or costs of discovery to obtain the information he seeks.

In addition, under FED. R. CIV. P. 37(a)(1), before filing a discovery-related motion, plaintiff also must certify that he conferred or attempted to confer with defendants, any non-party, or their counsel before seeking the Court's assistance with discovery, which he has not done. Likewise, Plaintiff has failed to establish a substantive need for a conference at this time. Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Discovery (ECF No. 20) is DENIED

New Orleans, Louisiana, this \_\_\_26th\_\_\_ day of July, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

2