## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JAMIE LABRANCHE**                                   **CIVIL ACTION**

**VERSUS**                                            **NO. 24-234**

**APPLE, INC., ET AL.**                               **SECTION "O"**

### ORDER AND REASONS

Before the Court is *pro se* Plaintiff Jamie LaBranche's motion[1] to recuse Magistrate Judge Currault and me. Liberally construed, *see Collins v. Dall. Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023), LaBranche's *pro se* motion asserts that recusal is required under 28 U.S.C. §§ 455(a), (b)(1), and (b)(3).

This litigation arises from Jamie LaBranche's allegation that Defendant Apple, Inc., and its CEO, Defendant Tim Cook, "fail[ed] to protect" LaBranche's "private intel emails" from being hacked by a person with "a Chinese number."[2]

According to LaBranche, his hacked email account has "classified and declassified emails from federal government agencies[.]"[3] LaBranche alleges that he received emails from Apple informing him that his Apple ID had been used to sign-in to iMessage.[4] LaBranche "followed [the] instructions at [the] bottom of [those] email[s]," but he was "lock[ed] out" of his account.[5] LaBranche alleges that his email

---

[1] ECF No. 26.
[2] ECF No. 6 at 6–7. For readability, the Court has modified the capitalization and boldface LaBranche employs in his filings.
[3] *Id.* at 6.
[4] *Id.*
[5] *Id.*

account was "shut down" "about a week later[.]"[6] LaBranche eventually "talked to around six Apple reps" who told him his email account "would not be reactivated."[7]

According to LaBranche, "one guy named Steve" told LaBranche that "a Chinese number was linked to [LaBranche's] [email] account."[8] LaBranche alleges that he found that revelation "very disturbing," because "the only person [LaBranche] ever gave [his] password to is a[n] Apple worker who helped [him]" with his email account "roughly five or six years ago."[9] LaBranche thus suspects that this "Apple worker" is "maybe selling classified docs to the Chinese."[10]

Based on these allegations, LaBranche sued Apple and Cook in this Court, invoking diversity jurisdiction, 28 U.S.C. § 1332(a)(1). Magistrate Judge Currault granted LaBranche leave to proceed *in forma pauperis*.[11] Even with the benefit of liberal construction, it is unclear what cause(s) of action LaBranche intends to assert. What is clear, however, is that LaBranche asks for "$100,000 . . . a day starting on 12-26-2023 . . . to show [Apple and Cook] how serious this suit is."[12]

In response, Apple and Cook moved to dismiss LaBranche's complaint under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(i).[13] Apple and Cook contend that

---

[6] *Id.*
[7] *Id.*
[8] *Id.* at 7.
[9] *Id.*
[10] *Id.*
[11] ECF No. 8.
[12] ECF No. 6 at 7.
[13] ECF No. 12.

LaBranche's suit is frivolous and that LaBranche fails to state any plausible claims against them.[14] LaBranche opposes.[15] That motion to dismiss is pending.

In connection with his opposition to that motion to dismiss, LaBranche sought leave to file exhibits under seal.[16] He asserted without explanation that the exhibits included "classified" documents. The Court denied his motion because there was "no indication that the documents are in fact classified."[17] The Court later granted LaBranche's motion to withdraw the exhibits he had unsuccessfully sought to seal.[18]

Later, with the motion to dismiss still pending, LaBranche moved the Court for discovery and for leave to amend his complaint.[19] Magistrate Judge Currault denied LaBranche discovery because LaBranche did not properly serve Apple and Cook with his discovery requests, and LaBranche did not certify that he had conferred or tried to confer with Apple and Cook before filing his motion.[20] And Magistrate Judge Currault denied LaBranche leave to amend his complaint to add a claim under the Computer Fraud and Abuse Act because she held that amendment was futile.[21]

A week after Magistrate Judge Currault denied LaBranche's motion for leave to amend his complaint, LaBranche moved to recuse Magistrate Judge Currault and me under 28 U.S.C. § 455.[22] His liberally construed *pro se* motion contends that recusal is required under Subsections (a), (b)(1), and (b)(3) of 28 U.S.C. § 455.

---

[14] ECF No. 12-1 at 1–6.
[15] ECF No. 14, 22.
[16] ECF No. 15.
[17] ECF No. 16 at 1–2.
[18] ECF No. 19.
[19] ECF No. 20; ECF No. 24.
[20] ECF No. 21.
[21] ECF No. 25.
[22] ECF No. 26.

Under Subsection (a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The relevant inquiry is whether a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *United States v. Quintanilla*, 114 F.4th 453, 468 (5th Cir. 2024) (quotation and citation omitted). Subsection (b)(1) requires a judge to "disqualify himself" "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. § 455(b)(1). And Subsection (b)(3) requires disqualification "[w]here [the judge] has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy[.]" 28 U.S.C. § 455(b)(3).

In evaluating recusal, "the Supreme Court has directed [courts] to consider whether the judge's views are 'extrajudicial.'" *Tejero v. Portfolio Recovery Assocs., L.L.C.*, 955 F.3d 453, 463 (5th Cir. 2020) (quoting *Liteky v. United States*, 510 U.S. 540, 551 (1994)). "An opinion is not extrajudicial if it was 'formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings.'" *Id.* (quoting *Liteky*, 510 U.S. at 555). "Non-extrajudicial facts 'do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Id.* (quoting *Liteky*, 510 U.S. at 555). "Even the presence of extrajudicial facts, without something more, does not suffice to show bias." *Id.* (citing *Liteky*, 510 U.S. at 554).

4

Liberally construed, LaBranche's *pro se* motion raises two principal grounds for recusal under Subsections (a), (b)(1), and (b)(3) of 28 U.S.C. § 455. Neither has merit.

First, LaBranche contends that recusal is required because my service as an Assistant United States Attorney ("AUSA") in the Eastern District of Louisiana overlapped with the service of another AUSA, Jason Bigelow, who was counsel for the Department of Defense Inspector General in a civil case LaBranche filed in 2015. *See* Complaint, *LaBranche v. Dep't of Defense*, No. 15-CV-2280 (E.D. La. June 23, 2015), ECF No. 1.[23] As a criminal AUSA, I did not "participat[e]" in that case—at any stage, in any capacity. 28 U.S.C. § 455(b)(3). I did not "express[ ] an opinion concerning the merits" of that case, or the merits of the issues underlying this one, while serving as an AUSA. 28 U.S.C. § 455(b)(3). I have no "personal knowledge" of any "disputed evidentiary facts," 28 U.S.C. § 455(b)(1), in that case or this one; my knowledge of both cases stems only from my review of public filings while "performing" my "judicial duties" in this case. *United States v. Randall*, 440 F. App'x 283, 286 (5th Cir. 2011) (per curiam) ("'Personal knowledge' as used in § 455(b)(1) generally does not encompass knowledge acquired by a judge while performing judicial duties."). And LaBranche does not contend that Magistrate Judge Currault and I have "display[ed] a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Based on these facts, no "reasonable

---

[23] Judge Barbier dismissed that case in 2016, *see LaBranche v. Dep't of Defense*, No. 15-CV-2280, 2016 WL 614682, at *4 (E.D. La. Feb. 16 2016) (Barbier, J.), the Fifth Circuit affirmed, *see LaBranche v. Dep't of Defense*, 720 F. App'x 182, 185 (5th Cir. 2018) (per curiam), and the Supreme Court denied certiorari in April 2018, *see LaBranche v. Dep't of Defense*, 584 U.S. 939 (2018) (Mem.).

man, . . . know[ing] all the circumstances, would harbor doubts about [my] impartiality." *Quintanilla*, 114 F.4th at 468 (quotation and citation omitted). Recusal is not required based on this argument under Subsections (a), (b)(1), or (b)(3).

Second, LaBranche's liberally construed *pro se* motion appears to contend that recusal is required because this is a "serious" case, and it has not progressed as quickly as LaBranche would have liked.[24] In support, LaBranche points out that a scheduling order has not issued, his motion for discovery was denied, and Apple and Cook's motion to dismiss has been pending for nearly a year.[25] LaBranche's argument is essentially an argument for recusal based on adverse rulings and his disagreement with the Court's management of its docket. But "adverse rulings in a case are not an adequate basis for demanding recusal." *United States v. MMR Corp.*, 954 F.2d 1040, 1045 (5th Cir. 1992) (citations omitted). Like LaBranche's first argument, his second does not provide grounds for recusal under Subsections (a), (b)(1), or (b)(3).

\*     \*     \*

In sum, LaBranche has not carried his burden to show that recusal is required under Subsections (a), (b)(1), or (b)(3) of 28 U.S.C. § 455.

---

[24] ECF No. 26 at 4–5.
[25] *Id.* at 4.

Accordingly,

**IT IS ORDERED** that LaBranche's motion[26]  for recusal is **DENIED**.

New Orleans, Louisiana, this 3rd day of March, 2025.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[26] ECF No. 26.