# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMIE LABRANCHE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-234** |
| **APPLE, INC., ET AL.** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court in this case concerning the alleged failure of Defendants Apple, Inc. and Tim Cook to protect *pro se* Plaintiff Jamie LaBranche's email account from being hacked is Apple and Cook's motion[1] to dismiss LaBranche's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii). Liberally construing LaBranche's complaint, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), the Court holds that LaBranche fails to state any claims against Apple and Cook; that LaBranche "has already pleaded his best case" against them, *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam) (quotation and citation omitted); and that there is no indication that LaBranche "might be able to state a claim based on the underlying facts and circumstances." *Hernandez v. W. Tex. Treasures Est. Sales, L.L.C.*, 79 F.4th 464, 468 (5th Cir. 2023) (citing *Brewster*, 587 F.3d at 767–68). Accordingly, for these reasons and those that follow, the motion to dismiss is **GRANTED**; the complaint is **DISMISSED WITH PREJUDICE**.

---

[1] ECF No. 12.

## I. BACKGROUND

This litigation arises from Jamie LaBranche's allegation that Defendant Apple, Inc., and its CEO, Defendant Tim Cook, "fail[ed] to protect" LaBranche's "private intel emails" from being hacked by a person with "a Chinese number."[2]

According to LaBranche, his hacked email account has "classified and declassified emails from federal government agencies[.]"[3] LaBranche alleges that he received emails from Apple informing him that his Apple ID had been used to sign-in to iMessage.[4] LaBranche "followed [the] instructions at [the] bottom of [those] email[s]," but he was "lock[ed] out" of his account.[5] LaBranche alleges that his email account was "shut down" "about a week later[.]"[6] LaBranche eventually "talked to around six Apple reps" who told him his email account "would not be reactivated."[7]

According to LaBranche, "one guy named Steve" told LaBranche that "a Chinese number was linked to [LaBranche's] [email] account."[8] LaBranche alleges that he found that revelation "very disturbing," because "the only person [LaBranche] ever gave [his] password to is a[n] Apple worker who helped [him]" with his email account "roughly five or six years ago."[9] LaBranche therefore suspects that this "Apple worker" is "maybe selling classified docs to the Chinese."[10]

---

[2] ECF No. 6 at 6–7. For readability, the Court has modified the capitalization and boldface LaBranche employs in his filings.
[3] *Id.* at 6.
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.* at 7.
[9] *Id.*
[10] *Id.*

2

Based on these allegations, LaBranche sued Apple and Cook, invoking diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). Magistrate Judge Currault granted LaBranche leave to proceed *in forma pauperis* ("IFP").[11] Even with the benefit of liberal construction, it is unclear what cause(s) of action LaBranche intends to assert against Apple and Cook. What is clear, however, is that LaBranche asks for "$100,000 . . . a day starting on 12-26-2023 . . . to show [Apple and Cook] how serious this suit is."[12] LaBranche also asks the Court to provide him "a hard copy of inbox #1857 emails[,] including attachments and #2733 sent emails[,] including attachments."[13]

Apple and Cook responded by moving to dismiss LaBranche's complaint under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).[14] They contend LaBranche's complaint is frivolous and fails to state any claims against them.[15] LaBranche opposes.[16]

## II. LEGAL STANDARD

The Court "shall dismiss" a complaint filed by a plaintiff proceeding IFP if the Court determines that the complaint "is frivolous or malicious" or "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

As for Section 1915(e)(2)(B)(i), an IFP complaint is "frivolous" if "it lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994) (per curiam) (citation omitted). "A complaint lacks an arguable basis in law if it is based

---

[11] ECF No. 8.
[12] ECF No. 6 at 7.
[13] *Id.* at 7–8.
[14] ECF No. 12.
[15] ECF No. 12-1 at 1–6.
[16] ECF No. 14, 22. With the motion to dismiss pending, LaBranche sought leave to amend his complaint to add a claim under the Computer Fraud and Abuse Act. ECF No. 24. Magistrate Judge Currault denied leave to amend because she found the proposed amendment futile. ECF No. 25.

3

on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "Clearly baseless" "encompass[es] allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quotation and citations omitted). "The standard to dismiss a complaint as frivolous [under Section 1915(e)(2)(B)(i)] is more exacting than the standard for failure to state a claim; accordingly, a court may hold that a complaint fails to state a claim but does not rise to the level of frivolous." *Hernandez v. El Pasoans Fighting Hunger*, No. 22-50240, 2022 WL 18019437, at *6 (5th Cir. Dec. 30, 2022) (per curiam) (citation omitted).

As for the failure-to-state-a-claim analysis under Section 1915(e)(2)(B)(ii) and Rule 12(b)(6), Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint that does not satisfy Rule 8(a)(2)'s pleading standard fails to state a claim upon which relief can be granted. *See generally* FED. R. CIV. P. 12(b)(6). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitations of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at

4

555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although '[courts] accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff, conclusory allegations unwarranted factual inferences, or legal conclusions are not accepted as true.'" *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (quoting *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023)).

"The filings of a *pro se* litigant are to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Tucker v. Gaddis*, 40 F.4th 289, 292 (5th Cir. 2022) ( citation and quotation omitted). But "*pro se* plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

### III. ANALYSIS

Apple and Cook contend that the Court should dismiss LaBranche's *pro se* complaint as frivolous under Section 1915(e)(2)(B)(i) and for failure to state a claim under Section 1915(e)(2)(B)(ii) and Rule 12(b)(6).[17] Because the Court dismisses LaBranche's complaint for failure to state a claim, the Court does not reach Apple and Cook's frivolousness arguments under Section 1915(e)(2)(B)(i).

LaBranche fails to state any claims against Apple and Cook. The thrust of LaBranche's complaint is that Apple and Cook "fail[ed] to protect" his email account from being hacked by a person with "a Chinese number."[18] But even with the benefit of liberal construction, LaBranche's complaint lacks factual allegations allowing a reasonable inference that any conduct by Apple or Cook caused LaBranche's email account to be hacked. For example, LaBranche does not allege facts allowing a reasonable inference that his account was hacked because an Apple employee gave his password to the hacker. On that topic, LaBranche merely alleges that "the only person [he] ever gave [his] password to is a[n] Apple worker . . . roughly five or six years ago."[19] LaBranche alleges no facts allowing a reasonable inference that this "Apple worker" gave his password to the hacker or is otherwise responsible for the hack. True, LaBranche vaguely alleges this "Apple worker" "maybe [sic] selling classified docs to the Chinese."[20] But that allegation does not help LaBranche for at least two reasons—one factual, one legal. Factually, LaBranche does not allege facts

---

[17] ECF No. 12-1 at 4–5.
[18] ECF No. 6 at 6–7.
[19] *Id.* at 7.
[20] *Id.*

6

allowing a reasonable inference that the "Apple worker" sold those "classified docs" from LaBranche's email account. And legally, the allegation cannot help LaBranche because it does not "rise[ ] above mere speculation." *United States ex rel. Marcy v. Rowan Cos.*, 520 F.3d 384, 388 (5th Cir. 2008) (citation omitted). At most, the allegation allows "a sheer possibility" that the "Apple worker" "has acted unlawfully." *Ashcroft*, 556 U.S. at 678. It thus "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

      LaBranche's liberally construed original and supplemental opposition briefs do not persuade the Court that he has stated a claim or that he could state a claim if given another opportunity to do so. LaBranche's original opposition largely rehashes the vague allegations of his complaint.[21] His supplemental opposition is equally unilluminating; in it, he insists that he has standing to bring an invasion-of-privacy claim.[22] If LaBranche intends to state an invasion-of-privacy claim, however, he fails to do so. That is because he has not alleged facts allowing a reasonable inference that Apple or Cook engaged in conduct that "is unreasonable and seriously interferes with [his] privacy interest." *Juge v. Springfield Wellness, L.L.C.*, 2018-376, p. 8 (La. App. 1 Cir. 2/28/19); 274 So. 3d 1, 8 (citation omitted). Nor has he alleged facts allowing a reasonable inference that Apple or Cook acted with the requisite intent. *See Bednyak v. Fin. Risk. Mitigation, Inc.*, 739 F. Supp. 3d 353, 372 (E.D. La. 2024) (Zainey, J.) ("[I]n Louisiana, invasion of privacy is an intentional tort." (citations omitted)).

---

[21] *See generally* ECF No. 14.
[22] ECF No. 22 at 1–4.

The Court's conclusion that LaBranche fails to state any claims against Apple and Cook does not end the analysis. The Court must decide if dismissal should be with or without prejudice—that is, whether LaBranche should be allowed an opportunity to amend his complaint to try to state plausible claims. "Generally, . . . a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster*, 587 F.3d at 767–68 (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). And "leave to amend should be liberally granted" if a *pro se* plaintiff "might be able to state a claim based on the underlying facts and circumstances." *Hernandez*, 79 F.4th at 468 (citing *Brewster*, 587 F.3d at 767–68). But a district court need not "grant a futile motion to amend, for instance, when 'the plaintiff has already pleaded his best case.'" *Id.* (quoting *Brewster*, 587 F.3d at 768).

LaBranche "has already pleaded his best case," and amendment would be futile. *Id.* (quotation and citation omitted). Most fundamentally, there is no indication that LaBranche "might be able to state a claim" against Apple or Cook "based on the underlying facts and circumstances." *Id.* (citing *Brewster*, 587 F.3d at 767–68). That LaBranche sought leave to amend his complaint to add a futile claim under the Computer Fraud and Abuse Act underscores his apparent inability to state any claim based on the alleged hack of his email account.[23] What is more, LaBranche does not "explain what facts he would . . . add[ ]" if the Court permitted him to file an amended complaint or "how he would . . . overcome" the deficiencies identified in this opinion. *Pitts v. Waffle House, Inc.*, No. 23-60436, 2024 WL 1904556, at *3 (5th Cir. May 1,

---

[23] *See* ECF No. 24 (motion for leave to amend); ECF No. 25 (order and reasons denying the proposed amendment as futile).

2024) (per curiam). Finally, LaBranche has "already had a considerable opportunity to present his best case." *Weeks v. Collier*, No. 22-10126, 2023 WL 7703823, at *8 (5th Cir. Nov. 15, 2023) (per curiam). Indeed, LaBranche "has presented [his] arguments several times" in his original complaint,[24] his original[25] and supplemental[26] oppositions to the motion to dismiss, and in his unsuccessful motion[27] for leave to amend his complaint to add a claim under the Computer Fraud and Abuse Act. *Dougherty v. United States Dep't of Homeland Sec.*, No. 22-40665, 2023 WL 6123106, at *6 (5th Cir. Sept. 19, 2023) (per curiam). "Despite these opportunities, [LaBranche] remains unable to state plausible" claims against Apple and Cook. *Id.*

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Apple and Cook's motion[28] to dismiss is **GRANTED**. LaBranche's complaint is **DISMISSED WITH PREJUDICE**. A final judgment will follow in accordance with Federal Rule of Civil Procedure 58.

New Orleans, Louisiana, this 3rd day of March, 2025.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[24] ECF No. 6.
[25] ECF No. 14.
[26] ECF No. 22.
[27] ECF No. 24.
[28] ECF No. 12.