UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMIE LABRANCHE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-234** |
| **APPLE, INC., ET AL.** | **SECTION "O"** |

## ORDER AND REASONS

The Court entered judgment dismissing with prejudice *pro se* Plaintiff Jamie LaBranche's claims against Defendants Apple, Inc. and Tim Cook.[1] LaBranche timely noticed an appeal and then moved the Court "to reconsider."[2] Because LaBranche moved to reconsider within 28 days after the Court entered judgment against him, and because his motion references "59(E)," the Court liberally construes his motion as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012).

Rule 59(e) "is 'an extraordinary remedy that should be used sparingly.'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). The rule "states, in full, that '[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.'" *Id.* (quoting FED. R. CIV. P. 59(e)). Although "[t]he text of Rule 59(e) does not specify the available grounds for obtaining such relief," *id.*, the Fifth Circuit has

---

[1] ECF No. 29.
[2] ECF No. 30 (notice of appeal); ECF No. 31 (motion for reconsideration). LaBranche's notice of appeal is ineffective until entry of this order denying his timely Rule 59(e) motion. *See Washington v. UTMB*, No. 20-20434, 2022 WL 2527665, at *1 (5th Cir. July 2, 2022) (per curiam) ("Under Federal Rule of Appellate Procedure 4, the filing of a timely Rule 59(e) motion renders a notice of appeal ineffective until an order is entered disposing of the post-judgment motion." (citations omitted)).

identified three grounds for a Rule 59(e) motion: "(1) to correct a manifest error of law or fact, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) where there has been an intervening change in the controlling law." *Jennings v. Towers Watson*, 11 F.4th 335, 345 (5th Cir. 2021) (citations omitted).

Applying that standard here, the Court holds that LaBranche has not shown that he is entitled to the "extraordinary remedy" of Rule 59(e) relief. *Rollins*, 8 F.4th at 396 (quotation omitted). LaBranche has not identified "a manifest error of law or fact," "present[ed] newly discovery evidence that was previously unavailable," or identified "an intervening change in the controlling law." *Jennings*, 11 F.4th at 345.

Accordingly,

**IT IS ORDERED** that LaBranche's Rule 59(e) motion[3] is **DENIED**.

New Orleans, Louisiana, this 18th day of April, 2025.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[3] ECF No. 31.